# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN



_ MANN
_ ___ERAL

March 1, 1939

Hon. John C. Farmer
Assistant County Attorney
Fannin County
Bonham, Texas

Dear Sir:

Opinion No. O-367
Re: Duty of Commissioners' Court to
pay premiums on official bonds.

This will acknowledge receipt of your letter
of February 16, 1939 in which you request the opinion
of this Department on the following questions:

"1. Is Article 3899 as amended in 1937
a mandatory law or an optional or directory
law?

"2. Are premiums on official bonds a
necessary expense according to Article 3899?

"3. Are premiums on surety bonds for
deputies a necessary expense according to
Article 3899?

"4. In case Article 3899 is mandatory
and the Commissioners' Court continues in
refusing to allow these accounts, what is
the remedy for the county officials named in
the article and their deputies who made bonds?"

You do not state in your inquiry but it is
determined that the population of Fannin County, as re-
flected by the last Federal census, is 41,163, hence
your officials are receiving compensation on a salary
basis.

Paragraph 1 of Section (b) of Article 3899,
Revised Civil Statutes of Texas, 1925, reads in part as

Hon. John C. Farmer, March 1, 1939, Page 2

follows:

"Each officer named in this act, where
he received a salary as compensation for his
services, shall be empowered and permitted
to purchase and have charged to his county,
all reasonable expenses necessary in the prop-
er and legal conduct of his office, premiums
on officials' bonds, premium on fire, bur-
glary, theft, robbery insurance protecting
public funds and including the costs of surety
bonds for his deputies * * * "

The very language of such hereinabove quoted
article gives the officials governed thereby absolute
authority to have charged to the county such reasonable
expenses as are necessary for the successful conduct of
his office. It cannot be assumed that the premium for
officials' bonds nor for the bonds to be provided by
the deputies is anything but a necessary expense for
reason that they are by law required to give bond before
entering into the execution of their duties. This par-
ticular article further provides that:

"All such approved claims and accounts
shall be paid from the Officers' Salary Fund
unless otherwise provided herein."

There appears to be no other provision of the
statute that would justify the payment of these items out
of any other fund.

It is further provided in paragraph 2, Sec-
tion (b) of Article 3899 that in the rejection of claims
made and asserted by officials compensated on a salary
basis, that:

"* * * Such item may be adjudicated in
any court of competent jurisdiction."

It is, therefore, the opinion of this depart-
ment, and you are so advised that Article 3899 as amend-
ed in 1937 is mandatory insofar as the duty of the Com-
missioners' Court is concerned with respect to the
payment of premiums on officials' bonds and bonds of

their deputies, and that the answer to your second and third questions is in the affirmative. You are further advised, in response to your question No. 4, that in the event the Commissioners' Court refuses to allow the items which constitute the basis for this opinion, to-wit, bond premiums for officials and deputies, that they have their remedy, as provided by law, to file suit in a court of competent jurisdiction to require the payment of the items under consideration.

Trusting that this satisfactorily answers your inquiry, we remain

Yours very truly.

ATTORNEY GENERAL OF TEXAS

By Lloyd Armstrong
Lloyd Armstrong
Assistant

LA:AW

APPROVED:

ATTORNEY GENERAL OF TEXAS